**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 30, 2021

LETTER TO COUNSEL

    RE:    *Jaime G-K. v. Commissioner, Social Security Administration*
              Civil No. SAG-21-129

Dear Counsel:

      On January 15, 2021, Plaintiff Jaime G-K., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the SSA's motion for summary judgment and Plaintiff's response. ECF Nos. 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her claims for benefits on December 14, 2018, alleging a disability onset date of January 4, 2018. Tr. 226-42. Her claims were denied initially and on reconsideration. Tr. 133-40, 143-60. On August 20, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-62. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-35. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, spine disorder, [and] other disorder of bone and cartilage." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.927(a) except occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, occasionally balance, stoop, kneel and crouch, never crawl, never unprotected heights or moving mechanical parts; occasional exposure to extreme wetness, a sit/stand option every hour for 5 minutes at the workstation, no jobs that require exposure to vibration, frequent left non dominant handling, fingering and feeling.

*Jaime G-K. v. Commissioner, Social Security Administration*
Civil No. SAG-21-129
December 30, 2021
Page 2

Tr. 20. The ALJ determined that Plaintiff was unable to perform past relevant work as a home health aide, waitress, or bartender, but after considering the testimony of a vocational expert ("VE"), found that Plaintiff could perform other jobs existing in significant numbers in the national economy. Tr. 27-29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, the ALJ's decision applied the correct legal standards, and her conclusions are supported by substantial evidence.

Before reviewing the ALJ's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is couched in federal statute and case law. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987). The issue before us, therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Coffman*, 829 F.2d at 517.

*Craig*, 76 F.3d at 589. In other words, a court does not review the evidence afresh; rather, it reviews the decision of the ALJ and evaluates whether the ALJ's decision is supported by the record. *See Theresa S. v. Saul*, Civil No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. January 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*,

*Jaime G-K. v. Commissioner, Social Security Administration*
Civil No. SAG-21-129
December 30, 2021
Page 3

"or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

In Plaintiff's case, the ALJ proceeded in accordance with applicable law. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a) (describing the SSA's five-step sequential evaluation for determining disability). First, the ALJ ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 17; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding Plaintiff's physical impairments severe but her mental impairments non-severe. Tr. 17-19; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ properly employed the special technique to assess the severity of Plaintiff's mental impairments, finding that Plaintiff had mild limitation in the four functional areas: 1) understanding, remembering or applying information; 2) interacting with others; 3) concentrating, persisting or maintaining pace; and 4) adapting or managing oneself. Tr. 18-19; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.

At step three, the ALJ determined that Plaintiff's physical impairments did not meet or medically equal the criteria of any listings. Tr. 19-20; *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). In order to meet the requirements of a listed impairment, the plaintiff must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays*, 907 F.2d at 1456-58. The ALJ identified and considered Listing 1.04. Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. The ALJ noted that while Plaintiff experienced decreased range of motion and decreased strength in her left hand, there was no indication of motor loss accompanied by sensory or reflex loss, spinal arachnoiditis, or spinal stenosis resulting in pseudo claudication. Tr. 19-20.

Before continuing to step four, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") by assessing the extent to which her impairments limited her ability to work. A plaintiff's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a plaintiff's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2; *see also* 20 C.F.R. §§ 404.1529, 404.1545.

Here, the ALJ summarized Plaintiff's subjective statements and testimony, treatment records, and medical opinions. Tr. 20-27. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that her testimony as to the intensity, persistence, and limiting effects of her symptoms was "not entirely consistent because the evidence of the record does not support the severity of

*Jaime G-K. v. Commissioner, Social Security Administration*
Civil No. SAG-21-129
December 30, 2021
Page 4

symptoms alleged." Tr. 21; *see Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints).

The ALJ reviewed the medical evidence, including Plaintiff's treatment records for rib pain, back pain, shoulder pain, knee pain, and left thumb pain. Tr. 21-25. The ALJ summarized these records, concluding that:

> Objective imaging showed degenerative changes of the spine and upper extremity osteoarthritis. Examinations show [Plaintiff] had decreased range of motion, tenderness and spasms in her back and upper extremities. The objective record reasonably supports [Plaintiff's] allegations of difficulty walking, climbing, standing and other postural activities. Given [Plaintiff's] documented treatment, including the need for physical therapy, medication and surgical intervention, the evidence supports a restriction to sedentary exertion, with no climbing ladders, ropes or scaffolds or crawling and only occasional climbing ramps and stairs, balancing, stooping, kneeling or crouching. She could never be exposed to unprotected heights, moving mechanical parts or vibration. In order to accommodate [Plaintiff's] reported difficulty maintaining one position as well [as] her fatigue, she has been adequately accommodated with a sit/stand option every hour for 5 minutes. In addition, [Plaintiff's] history of rib fractures have resulted in continued breathing struggles which warrant only occasional exposure to extreme wetness. Despite noted improvement and no longer needing pain medication in June 2020, based on [Plaintiff's] recent left thumb surgery, she has been further accommodated with frequent left non dominant handling, fingering and feeling.

Tr. 25.

Finally, the ALJ assigned weight to the opinions rendered by examining and non-examining medical sources. The ALJ found the initial and reconsideration level opinions of the State agency medical consultants to be partially persuasive, but "not persuasive as to the restriction to light exertion work." Tr. 26. Instead, the ALJ noted that "[d]ue to [Plaintiff's] status post-fusion, and ongoing back and pain struggles, the record supports a need for a sedentary" RFC. *Id.* The ALJ determined that the State agency psychological consultant opinions were not persuasive because "the evidence of the record does not support a finding of moderate limitations in mental functioning," and stated that Plaintiff's testimony was consistent with the finding that her mental limitations were non-severe. *Id.* The medical source statements of Mark Sullivan, M.D. and Sandra Fowler, M.D. were found to be partially persuasive because the record supported a limitation to sedentary work. However, the ALJ noted that Plaintiff "can cook dinner, drive, dress herself, [and] ambulate independently" as examples that Plaintiff was capable of work within the limits of her RFC. Tr. 26-27.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal

*Jaime G-K. v. Commissioner, Social Security Administration*
Civil No. SAG-21-129
December 30, 2021
Page 5

standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays*, 907 F.2d at 1456. In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the RFC determination with substantial evidence.

At steps four and five, the ALJ, relying on the vocational expert's (VE's") testimony, determined that Plaintiff was unable to perform her past relevant work as a home health aide, waitress, or bartender. Tr. 27; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). However, in accordance with the VE's testimony, the ALJ determined that a person with Plaintiff's RFC could perform a restricted range of sedentary jobs existing in significant numbers in the national economy, including addresser,[1] information clerk, and order clerk. Tr. 28-29; U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 209.587-010, 237.367-046, 209.567-014 (4th ed. 1991). Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, she appropriately concluded that Plaintiff was not disabled under Social Security law. Tr. 30; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled.").

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 16, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] SSA commissioned an "Occupational and Medical-Vocational Claims Review Study" in 2011. Mark Trapani & Deborah Harkin, *Occupational and Medical-Vocational Claims Review Study*, Social Security Administration (May 2011), https://www.ssa.gov/oidap/Documents/PRESENTATION--TRAPANI%20AND%20HARKIN--OIDAP%2005-04-11.pdf. In relevant part, the study found "a substantial number of cases where [the ALJ] cited jobs that might be obsolete." *Id.* at 7. The study determined that "[a]ddresser" was cited in almost 10% of the step 5 denial cases reviewed. *Id.* The study went on to concede, "It is doubtful that these jobs, as described in the DOT, currently exist in significant numbers in our economy." *Id.* In this case, however, because the ALJ named two other jobs that Plaintiff could perform given her RFC, remand is not warranted.